UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOUGLAS CHERTOK,<br><br>   Plaintiff,<br><br> v.<br><br>SRS ACQUIOM, INC., a Delaware corporation, and WEWORK COMPANIES LLC, a Delaware limited liability company,<br><br>   Defendants. | CASE NO.: 0:23-CV-60821-RLR |

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

Pursuant Fed. R. Civ. P. 12(b)(6), Defendants, SRS Acquiom, Inc. ("SRS") and WeWork Companies LLC ("WeWork," and together with SRS, "Defendants"), by and through undersigned counsel, move to dismiss the complaint of Plaintiff, Douglas Chertok ("Plaintiff" or "Chertok"), for failure to state a claim upon which relief can be granted.  The following Memorandum of Law supports this Motion.

MEMORANDUM OF LAW

On March 30, 2023, Chertok filed suit against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward, County, Florida.  The Complaint contains seven counts: (I) wrongful escheatment; (II) conversion; (III) breach of the duty of care; (IV) breach of fiduciary duty; (V) breach of contract and specific performance; (VI) breach of the implied covenant of good faith and fair dealing; and, in the alternative (VII) unjust enrichment.  Each of these claims is fatally flawed and/or time-barred and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

First, Chertok's claim for wrongful escheatment is barred by controlling law.  The court in *Bartsch v. Costello*, 170 So. 3d 83, 84 (Fla. 4th DCA 2015) held that Florida's statute governing "Disposition of Unclaimed Property," Fla. Stat. Ann. § 717.001, *et seq.* (the "Florida Escheatment Statute"), does not create or contemplate a private right of action.  Therefore, Chertok's claim for wrongful escheatment under the Florida Escheatment Statute must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

1

Second, Chertok's claims for breach of the duty of care and breach of fiduciary duty are improper because, under Delaware law, entities do not owe fiduciary duties to their shareholders. Therefore, these claims are improper as against Defendants, and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

Third, the parties agree that the subject of Chertok's unjust enrichment claim is governed by a written contract. While the parties dispute whether the operative contract is the Merger Agreement (defined *infra*) (as asserted by Defendants) or the Conductor Certificate (defined *infra*) (as asserted by Chertok), there is no dispute that one of those contracts governs Chertok's entitlement to certain of the Merger Consideration (defined *infra*). Controlling law dictates that unjust enrichment claims are barred where the subject of a plaintiff's claims is governed by a written contract. Therefore, Chertok's equitable unjust enrichment claim is barred, and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

Finally, each of Chertok's claims (apart from the wrongful escheatment claim, for which no private right of action exists) is subject to either a one-year (specific performance), four-year (conversion, breach of the duty of care, breach of fiduciary duty, and unjust enrichment), or five-year (breach of contract and breach of the implied covenant of good faith and fair dealing) statute of limitations. The Merger closed on March 23, 2018 and Chertok asserts that any funds due to him were required to be paid thereupon. Therefore, Chertok's claims are between one week and four years delinquent under the applicable statutes of limitations.

Chertok, recognizing that his claims are time-barred, asserts that the statutes of limitations should be tolled because "[i]n or about September 2017, Plaintiff was diagnosed and treated for pancreatic cancer" and underwent certain treatments resulting from his diagnosis. First, disability does not toll a statute of limitations pursuant to the Florida Tolling Statute, § 95.015 Fla. Stat. Ann. (1987), and Chertok does not proffer any other justifications or applicable tolling doctrines. Second, while Defendants are sympathetic to Chertok's battle with pancreatic cancer, his use of his diagnosis and treatments as an excuse for failing to comply with the relevant statutes of limitations is a farce. Chertok instituted and actively participated in numerous lawsuits during the time period in which he claims he could not have brought suit against Defendants here. There is no reason that he should be able to actively litigate those cases, but not this one. Rather, Chertok's delay in bringing suit appears to be purposeful, in an attempt to accumulate years of purported

2

interest which he claims is due. Chertok's other suits filed in Delaware in 2019[1] and 2020,[2] as well as this lawsuit reveal a trend. Chertok (i) baselessly disputes transactions and refuses payment of funds, (ii) waits years, until the near-end of the statute of limitations period (or, in some cases, as here, *after* the statute of limitations period), and (iii) only then, files litigation seeking payment and claiming entitlement to interest *for the period in which he baselessly refused payment*. This sort of gamesmanship cannot stand, and provides no justification for tolling the statute of limitations. Therefore, Chertok's Counts II, III, IV, V, VI, and VII must be dismissed as time-barred.

## I.     STATEMENT OF FACTS

### A.     Parties and Relevant Non-Parties

Plaintiff Douglas Chertok is an individual residing in Broward County, Florida. (Compl. ¶ 6.)

Non-party Conductor, Inc. ("Conductor") is a Delaware corporation. Conductor designs, develops, and produces application software, offering software to manage, improve, and optimize search engines. Chertok acquired stock in Conductor, Inc. on or about November 19, 2010. (*Id.* at ¶ 11, Ex. A.)

Defendant SRS[3] is a Delaware corporation with its principal place of business in Denver, Colorado. (*Id.* at ¶ 7.) SRS provides a number of products and services in the merger and acquisitions management solutions space, including pre-closing solicitation, payment processing, escrows, and shareholder representation.

---

[1] *See Douglas M. Chertok, et al. v. Zillow, Inc., a Washington corporation (successor to NMD Interactive, Inc., a Delaware corporation, aka StreetEasy, Inc).*, C.A. No. 2019-0849-LWW (Del. Ch. Oct 24, 2019).

[2] *See Douglas M. Chertok and SDTC Advisors LLC, a New York limited liability company v. Onsolve, LLC, a Delaware limited liability company (fka Emergency Communications Network, LLC; successor to SWN Communications, Inc., a Delaware corporation)*, C.A. No 2020-0417-PAF (Del. Ch. May 29, 2020).

[3] Plaintiff improperly names SRS Acquiom, Inc. as defendant in this matter. The Merger Agreement names Shareholder Representative Services LLC as Shareholder Representative, and Acquiom Financial LLC as the paying agent (i.e. the entity charged with holding and paying out merger proceeds).

3

Defendant WeWork is a Delaware limited liability company with its principal place of business in New York, New York. (*Id*. at ¶ 8.) WeWork is a leading provider of flexible office space and related business services at over 700 locations worldwide.

### B. The Merger

On March 5, 2018, Conductor entered into an Agreement and Plan of Merger and Reorganization (the "Merger Agreement") with WeWork, Shareholder Representative Services LLC, Paddington Merger Subsidiary I Inc. ("Merger Sub I"), and Paddington Merger Subsidiary II LLC ("Merger Sub II"). (*See generally,* Merger Agreement, attached hereto as Exhibit A.)[4] In essence, WeWork acquired Conductor (the "Merger") for $124 million in cash (the "Merger Consideration"). *Id*. The Merger closed on March 23, 2018. (Compl. ¶ 2.)

As a result of the Merger, Conductor's common stockholders were entitled to a portion of the Merger Consideration pursuant Section 2.1 of the Merger Agreement. (*See* Exhibit A at Section 2.l.) In order to receive these funds, the Merger Agreement required:

> Notwithstanding anything to the contrary contained herein, as a condition to the payment of any portion of the Total Consideration (including any portion of the Holdback Amount or other Future Payment that may become payable) to Company Stockholders (whether in cash or Parent Stock pursuant to Section 2.1(b)), such Company Stockholder must execute and deliver the Merger Joinder and the Proxy and Joinder (if receiving shares of Parent Stock as consideration), agreeing to be bound by and subject to the terms thereof, and each such Person shall thereafter be deemed a party to the agreements referenced therein for all purposes thereunder.

(*Id*. at Sec. 2.8(a)(ii).) The Merger Agreement further provided, with respect to distribution of funds to Conductor stockholders:

> <u>No Interest</u>. No interest will be paid or accrue for the benefit of any holder of Company Stock or otherwise with respect to any amount payable under this Agreement.

\*   \*   \*

---

[4] "Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)). The Merger Agreement is central to Plaintiff's claims and is referred to repeatedly throughout the Complaint. Therefore, the Merger Agreement is incorporated by reference into the complaint and the Court may consider it on this Motion.

> <u>No Liability or Obligation</u>. To the extent permitted by applicable Law, none of Parent, the Company, the Surviving Entity, the Exchange Agent or any of their respective Affiliates shall be liable to any Company Stockholder for any amount delivered to a public official pursuant to any applicable abandoned property, escheat or similar Law.

(*Id*. at Sec. 2.8(d) and (e).)

Chertok acquired 37,500 shares of common stock in Conductor, Inc. on or about November 19, 2010. (Compl. ¶ 11; Compl., Ex. A.) After the Merger Agreement was executed, Acquiom Financial LLC, as paying agent in the transaction, contacted Chertok, attaching the Joinder Agreement and Merger Agreement Joinder, requesting that Chertok execute both documents in order to receive his respective share of the Merger Consideration, as required by the Merger Agreement. (Compl. ¶¶ 3, 21, 27, 95.)

Chertok allegedly did not consent to the Merger. (*Id*. at ¶¶ 2, 4, 20, 27, 95.) Chertok does not allege that he exercised his appraisal rights upon closing of the Merger pursuant to Delaware law and Section 2.12 of the Merger Agreement, which, in turn, expired on or about July 21, 2018. (8 *Del. C.* § 262.)[5] As a result, pursuant to Section 2.12 of the Merger Agreement:

> Notwithstanding the foregoing, if any Dissenting Shares shall lose their status as such (through failure to perfect, waiver, effective withdrawal or otherwise), then, as of the later of the Effective Time or the date of loss of such status, each such Dissenting Share shall automatically be converted into or shall have deemed to have been, at the Effective Time, converted into, as applicable, and shall represent only, the specific rights set forth in Section 2.1(b), as applicable, following the surrender of the Company Stock Certificates representing such former Dissenting Shares.

(Exhibit A at Sec. 2.12.)

Nor did Chertok follow the proper procedures under Section 2.1 of the Merger Agreement in order to receive funds as a result of his stock ownership in Conductor, claiming that he did not consent to the Merger. (*See, e.g.*, *Id*. at ¶ 2, 4, 20, 27, 95.) In short, Chertok sat on his rights, refusing to accept funds as a result of his stock ownership, or bring suit, until March 30, 2023, with the belated filing of the Complaint here.

As of February 2023, Acquiom Financial LLC, as the paying agent under the Merger Agreement, was holding $161,737 of Merger Consideration for Chertok, due to his refusal to sign

---

[5] Chertok never filed an appraisal action in the Delaware Court of Chancery, pursuant 8 *Del. C.* § 262, nor are Defendants aware that Chertok sent a written demand for appraisal.

the Joinder Agreement, Merger Agreement Joinder, or releases, as required under the Merger Agreement. (*Id*. at ¶¶ 5, 15, 32, 40, 94.)

### C. Acquiom Financial LLC Escheats Chertok's Unclaimed Merger Consideration to the State of Florida

On February 10, 2023, Acquiom Financial LLC properly filed an unclaimed property report with the Florida Department of Financial Services Unclaimed Property Division ("FDFS") in the amount of $161,737.23, and transmitted those funds to the FDFS due to Chertok's refusal to accept the funds and failure to bring any action with respect to the funds. (*Id*. at ¶¶ 5, 34, 36, 44.) On February 22, 2023, SRS e-mailed Chertok, notifying him of its escheatment of the funds. (*See* Compl., Ex. E.)

### D. Chertok's Litigation Activity

Chertok alleges that he was diagnosed with pancreatic cancer in or about September of 2017. (Compl. ¶ 13.) Chertok further alleges that he has undergone numerous medical procedures resulting from his pancreatic cancer diagnosis from approximately 2017 to 2023, and that these procedures prevented him from timely filing suit. (*Id*. at ¶ 13, 25, 31.) However, separate and apart from this case, Chertok has actively engaged in litigation against Zillow, Inc. and Onsolve, LLC, asserting very similar claims and causes of action to those at issue here, in the time period in which he claims to have been unable to purse his claims against Defendants here due to his pancreatic cancer diagnosis and treatments. [6]

---

[6] "A court may take judicial notice of public records, including public court dockets." *Aldar Tobacco Grp., LLC v. Am. Cigarette Co., Inc.*, No. 08-62018-CIV, 2017 WL 8794599, at *1 (S.D. Fla. Sept. 20, 2017) (citing *Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir. 2010)). "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Counsil v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A "court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent." *Aldar Tobacco Grp., LLC*, 2017 WL 8794599, at *1 (quoting *Rios v. Fannie Mae*, 2017 U.S. District Lexis 118892, n.2 (S.D. Fla., Jul. 27, 2017) citing *Mcdowell Bey v. Vega*, 588 F.Appx. 923, 926-27 (11th Cir. 2014)).

1.     **The Zillow Litigation**

On October 24, 2019, Chertok and Vast Ventures LLC ("Vast")[7] filed a complaint in the Delaware Court of Chancery for breach of contract and specific performance or, in the alternative, unjust enrichment, against Zillow, Inc. ("Zillow"). (*See Chertok, et al. v. Zillow, Inc.*, C.A. No. 2019-0849-LWW (Del. Ch. Oct. 24, 2019), Docket, attached hereto as Exhibit B; *see also Chertok, et al. v. Zillow, Inc.*, C.A. No. 2019-0849-LWW (Del. Ch. Oct. 24, 2019), Complaint, attached hereto as Exhibit C.)[8] Zillow moved to dismiss the complaint as time-barred. (*See Chertok, et al. v. Zillow, Inc.*, C.A. No. 2019-0849-LWW (Del. Ch. Oct. 24, 2019), Zillow's Motion to Dismiss Opening Brief, attached hereto as Exhibit D.)  On October 18, 2021, the Delaware Court of Chancery granted Zillow's motion to dismiss, holding that Chertok's and Vast's claims were time-barred under the applicable statute of limitations and that no tolling doctrine or other extraordinary circumstances justified non-compliance with the applicable statute of limitations. (*See Chertok, et al. v. Zillow, Inc.*, C.A. No. 2019-0849-LWW (Del. Ch. Oct 24, 2019), October 18, 2021 Memorandum Opinion, attached hereto as Exhibit E.)

Chertok and Vast appealed the Delaware Court of Chancery's October 18, 2021 Opinion to the Delaware Supreme Court on November 15, 2021. (*See Chertok and Vast Ventures LLC v. Zillow, Inc.*, Case No. 363,2021 (Del. Nov 15, 2021), Docket, attached hereto as Exhibit F.)  On June 1, 2022, the Delaware Supreme Court summarily affirmed the decision of the Delaware Court of Chancery. (*See Chertok and Vast Ventures LLC v. Zillow, Inc.*, Case No. 363, 2021 (Del. Nov 15, 2021), June 1, 2022 Order, attached hereto as Exhibit G.)  On June 16, 2022, Chertok and Vast moved for rehearing of their appeal en Banc. (*See* Exhibit F.)  The Delaware Supreme Court, again, summarily denied Chertok and Vast's motion on June 23, 2022, and closed the case. (*See Chertok and Vast Ventures LLC v. Zillow, Inc.*, Case No. 363, 2021 (Del. Nov 15, 2021), June 23, 2022 Order, attached hereto as Exhibit H.)

On August 16, 2022, Chertok filed a complaint against Zillow in the Second Judicial Circuit, in and for Leon County, Florida, asserting a cause of action, *qui tam*, for purported

---

[7] Vast is a Florida limited liability company with its principal place of business in Broward County, Florida. Vast is a venture fund that invests in emerging companies. Chertok is the managing director of Vast.

[8] Chertok's complaint in the Zillow litigation brings similar causes of action under very similar circumstances to those at issue here.

violations of the Florida False Claim Act.  (*See State of Florida, ex rel., Douglas Chertok v. Zillow, Inc.*, Case No. CACE23011273 (Fla. Cir. Ct. Mar 23, 2023).)  That action is active and ongoing.

### 2. The Onsolve Litigation

On May 29, 2020, Chertok filed a complaint in the Delaware Court of Chancery against Onsolve, LLC, asserting causes of action for breach of contract and specific performance and, in the alternative, unjust enrichment. (*See Chertok and SDTC Advisors LLC v. Onsolve, LLC*, C.A. No 2020-0417-PAF (Del. Ch. May 29, 2020), Docket, attached hereto as Exhibit I; *see also Chertok and SDTC Advisors LLCv. Onsolve, LLC*, C.A. No 2020-0417-PAF (Del. Ch. May 29, 2020), Complaint, attached hereto as Exhibit J.)[9]  This case is active and ongoing in discovery, with filings as recent as January 30, 2023. (*See* Exhibit I.)  Chertok's activity in the Onsolve litigation further undermines his claim that his illness prevented him from pursuing litigation against Defendants here within the applicable statutes of limitations.

## II. ARGUMENT

The Complaint asserts seven counts against Defendants, each of which fails to state a claim and must be dismissed by the Court pursuant Fed. R. Civ. P. 12(b)(6).

### A. Count I for Wrongful Escheatment Must Be Dismissed Because There Is No Corresponding Private Right of Action

Count I attempts to allege a claim for "wrongful escheatment" against SRS. (Compl. ¶¶ 39-47.)  However, Fla. Stat. Ch. 717 (the "Florida Escheatment Statute"), does not provide for a private cause of action for wrongful escheatment.  Therefore, Count I must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

Chertok attempts to assert a cause of action for "wrongful escheatment" under the Florida Escheatment Statute against SRS, alleging, *inter alia*,  that:

> [O]n or about February 10, 2023, SRS filed an unclaimed property report with the Florida Department of Financial Services (Unclaimed Property Division) in the amount of about $161,737.23, and transmitted those funds to the Florida Department of Financial Services (Unclaimed Property Division). These acts were also done in violation of Florida Statute 717.

(*Id*. at ¶ 44.)

---

[9] Again, Chertok's complaint in the Onsolve litigation brings very similar causes of action under very similar circumstances to those at issue here.

However, the Florida Fourth District Court of Appeal of Florida has held that the Florida Escheatment Statute *does not provide for a private right of action for wrongful escheatment*. *See generally, Bartsch v. Costello*, 170 So. 3d 83, 84 (Fla. 4th DCA 2015). In *Bartsch v. Costello*, a stepmother (Bartsch) brought suit against an unclaimed property specialist (Costello) for negligence and declaratory relief after the unclaimed property specialist assisted the stepdaughter in filing a petition in probate court to recover unclaimed property that misrepresented the stepdaughter as sole heir to her father's estate. *Id*. The trial court ruled in favor of Costello, the unclaimed property specialist. *Id*. In doing so, the trial court rejected plaintiff's claim that Costello was liable, because the statute provided for recovery by the Department, and not a private person. *Id*. at 85–86. In short, the trial court concluded that the Florida Escheatment Statute did not create a private cause of action. *Id*. On appeal, the Florida Fourth District Court of Appeal affirmed the trial court's ruling, holding:

> [T]he legislature actually declared that the statute was not intended to be the basis of a private cause of action. The enacting legislation for section 717.1341, Section 166 of Chapter 04–390, Laws of Florida, provides: 'Nothing in this act shall be construed to create or be the basis of a civil action.'

*Bartsch v. Costello*, 170 So. 3d 83, 87 (Fla. 4th DCA 2015).

Therefore, because the Florida Escheatment Statute does not create a private right of action, Chertok's Count I for wrongful escheatment under the Florida Escheatment Statute must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### B.  Count II for Conversion Against Defendants Should Be Dismissed As It Is Time-Barred Under the Applicable Four-Year Statute of Limitations

Count II attempts to allege a claim for conversion against Defendants. (Compl. ¶¶ 48-52.) However, Chertok's conversion claim is untimely under the applicable statute of limitations. Therefore, Count II must be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

In Count II, Chertok attempts to assert a cause of action for conversion against Defendants, alleging, in relevant part:

> Defendant SRS did, and Defendant WeWork may have from time to time, actually assumed control over the foregoing cash amounts, and all of the Funds, since the Merger Closed in 2018, that the Plaintiff had a right to control and possess. Defendants thereby interfered with the Plaintiff's Funds in a manner that infringed on the Plaintiff's rights.

(*Id*. at ¶ 51.)

"A cause of action for conversion under Florida law is subject to a four-year statute of limitations." *Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 475 (11th Cir. 2016) (citing Fla. Stat. Ann. § 95.11(3); *Bove v. PBW Stock Exch., Inc.*, 382 So. 2d 450, 452–53 (Fla. 2d DCA 1980)). "The statute of limitations for a conversion claim begins to run when the conversion occurs, unless the conversion was fraudulently concealed." *Id*. at 476 (11th Cir. 2016) (citing *Bove*, 382 So. 2d at 452–53). "Fraudulent concealment tolls the statute of limitations when the defendant willfully concealed the cause of action using fraudulent means." *Id*. (citing *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003)).[10]

The Merger Agreement was signed on March 5, 2018. (Compl. ¶ 14.) The Merger closed on March 23, 2018. (*Id*. at ¶ 2.) Chertok claims that any funds due to him were required to be paid upon closing of the Merger on March 23, 2018. (*Id*. at ¶ 2.) Therefore, under the applicable four-year statute of limitations, any conversion claim against Defendants was required to be brought by no later than March 23, 2022. However, Chertok did not file his Complaint until March 30, 2023, *over one year late*.

Therefore, because Chertok filed his conversion claim against Defendants over one year after the applicable statute of limitations period expired, and because no tolling doctrines or other extraordinary circumstances apply, as explained herein and in Section II.G., *infra*, Chertok's Count II conversion claim is time-barred and should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

    **C.**    **Count III for Breach of Duty of Care and Count IV for Breach of Fiduciary Duty Against Defendants Should Be Dismissed As Improperly Brought Against the Defendant Entities And, In Any Event, As Time-Barred Under the Applicable Four-Year Statute of Limitations**

Count III attempts to allege a claim for "breach of duty of care" against Defendants. (Compl. ¶¶ 53-57.) Count IV attempts to allege a claim for breach of fiduciary duty against Defendants. (Compl. ¶¶ 58-63.) However, Defendants, Delaware entities, do not owe fiduciary duties to their stockholders. Therefore, Counts III and IV must be dismissed pursuant Fed. R. Civ. P. 12(b)(6) because Defendants do not owe fiduciary duties. In addition, Counts III and IV are untimely under the applicable statutes of limitations and must be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

---

[10] The fraudulent concealment tolling doctrine is inapplicable here. Chertok was aware of all aspects necessary to bring his conversion cause of action from the time the Merger was entered in 2018, and Defendants did not fraudulently conceal any facts from him.

In Count III, Chertok asserts a cause of action of breach of the duty of care against Defendants, alleging, in relevant part, that:

> Defendants breached their duty of care to Plaintiff by failing to provide the Merger Consideration and Dividends to Plaintiff after the Closing of the Merger pursuant to the Conductor Certificate, as required by Delaware law, to prevent injuries to Plaintiff by depriving Plaintiff access and control of the Funds.

(*Id*. ¶ 55.) In Count IV, Chertok asserts a cause of action against Defendants for breach of fiduciary duty, alleging, in relevant part, that:

> Defendants breached their fiduciary duties to Plaintiff by: (a) failing to provide the Merger Consideration and Dividends to Plaintiff after the Closing of the Merger pursuant to the Conductor Certificate, as required by Delaware law, to prevent injuries to Plaintiff by depriving Plaintiff access and control of the Funds; and (b) intentionally and wrongfully escheating the Funds to the State of Florida in violation of Florida Statute 717.

(*Id*. at ¶ 60.)

### 1. Plaintiff's Breach of Duty of Care Claim Fails Because Defendants Do Not Owe Fiduciary Duties to Plaintiff

Plaintiff brought claims for breach of the duty of care and breach of fiduciary duties against SRS, a Delaware corporation, and WeWork, a Delaware limited liability company. However, the Defendant entities *do not owe fiduciary duties to their stockholders*. Therefore, Count III for breach of the duty of care should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

Under Delaware law, which governs Plaintiff's claims for breach of the duty of care and breach of fiduciary duty pursuant the "internal affairs doctrine,"[11] "[A] corporation *qua* corporate entity is not a fiduciary of, and thus cannot owe a fiduciary duty to, its shareholders." *In re Dataproducts Corp. S'holders Litig.*, 17 Del. J. Corp. L. 1159, 1170 (Del. Ch. Aug. 22, 1991); *see also Arnold v. Soc'y for Sav. Bancorp, Inc.,* 678 A.2d 533, 539 (Del.1996); *Gaffin v. Teledyne, Inc.,* 611 A.2d 467, 472 (Del. 1992) ("The only defendant is the corporate entity ... so there are no fiduciary duty claims."); *Buttonwood Tree Value Partners, L.P. v. R.L Polk & Co.*, No. CIV.A. 9250-VCG, 2014 WL 3954987, at *4 (Del. Ch. Aug. 7, 2014) ("In fact, under settled Delaware

---

[11] *See Freedman v. magicJack Vocaltec Ltd.*, 963 F.3d 1125, 1133 (11th Cir. 2020); *see also VantagePoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1112 (Del. 2005) ("The internal affairs doctrine is a long-standing choice of law principle which recognizes that only one state should have the authority to regulate a corporation's internal affairs—the state of incorporation." (internal citations omitted)).

law, '[f]iduciary duties are owed by the directors and officers to the corporation and its stockholders.' In other words, a corporation does not owe fiduciary duties to its stockholders.").

Plaintiff improperly brought the Count III breach of the duty of care and Count IV breach of fiduciary duty claims against SRS and WeWork.

Therefore, under settled Delaware law, as cited above, these claims are improper and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### 2. Plaintiff's Breach of Duty of Care and Breach of Fiduciary Duty Claims Are Time-Barred

In addition, under Florida law, claims for breach of fiduciary duty are subject to a four-year statute of limitations. *See Rodriguez v. Epstein*, 2020 WL 13567931, at *1 (S.D. Fla. May 6, 2020); *see also Berg v. Wagner*, 935 So. 2d 100, 102 (Fla. 4th DCA 2006). Again, the Merger closed on March 23, 2018. (Compl. ¶ 2.) Chertok claims that any funds due to him were required to be paid upon closing of the Merger on March 23, 2018. (*Id*. at ¶ 2.) Therefore, under the applicable four-year statute of limitations, any breach of fiduciary duty claims against Defendants were required to be brought by no later than March 23, 2022. Because Chertok did not file the Complaint until March 30, 2023, *over one year late,* and because no tolling doctrines or other extraordinary circumstances apply, as explained in Section II.G., *infra*, Chertok's Count III breach of the duty of care and Count IV breach of fiduciary duty claims are time-barred and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### D. Count V for Breach of Contract and Specific Performance Against Defendants Should Be Dismissed As Time-Barred Under the Applicable Five-Year Statute of Limitations

In Count V, Chertok alleges breach of contract of the "Conductor Certificate" and specific performance against Defendants. (Compl. ¶¶ 64-77.) However, this claim is also untimely under the applicable statute of limitations and should be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

Chertok alleges, in relevant part, that:

> The Conductor Certificate obligates Conductor to pay the Dividends to Conductor's stockholders upon closing a merger. Under Delaware law, Conductor is also obligated to pay Plaintiff pre judgment interest running from the date that the Dividends should have been paid to the date of payment. The payment of interest is not limited or eliminated by any provision of the Conductor Certificate. To date,

neither Conductor, WeWork nor Defendants have paid the Dividends to Plaintiff as required by the Conductor Certificate and Delaware law, or any accrued interest.

(*Id*. at ¶¶ 73-75.)

The statute of limitations for breach of contract claims in Florida is five years. *See* Fla. Stat. § 95.11(2)(b); *see also Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1345 (11th Cir. 2013); *see also Jeunesse, LLC v. LifeWave, Inc.*, No. 6:15-CV-131-0RI-28, 2015 WL 4911349, at *2 (M.D. Fla. Aug. 17, 2015)). "Florida does not apply the discovery rule—in which the statute of limitations would only begin to run upon the discovery of the breach—to breach of contract actions, so the date of accrual is the date of the first breach." *Jeunesse* at *2 (internal quotations and citations omitted). Further, "Section 95.11(5)(a), Florida Statutes (1985) requires that an action for specific performance of a contract shall be commenced within one year. Consistent with Florida law, this means that the statute of limitations begins to run on the date the contract is breached." *City of Orlando v. Williams*, 493 So. 2d 15, 16 (Fla. 5th DCA 1986) (citing *Central National Bank v. Central Bancorp, Inc.*, 411 So. 2d 358 (Fla. 3d DCA 1982)).

Chertok claims that any funds due to him were required to be paid upon closing of the Merger on March 23, 2018. (*Id*. at ¶ 3.) Therefore, under the applicable one-year statute of limitations, any specific performance claim against Defendants was required to be brought by no later than March 23, 2019. Further, under the applicable five-year statute of limitations, any breach of contract claim against Defendants was required to be brought by no later than March 23, 2023. However, Plaintiff did not file the Complaint until March 30, 2023, *over four years late for specific performance and one week late for breach of contract*.

Therefore, because Chertok's specific performance claim was filed over four-years after the applicable statute of limitations period ended, and because Chertok's breach of contract claim was filed one week after the applicable statute of limitations period ended, and because no tolling doctrines or other extraordinary circumstances apply, as explained in Section II.G., *infra*, Chertok's Count V breach of contract and specific performance claims are time-barred and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

**E.     Count VI for Breach of Covenant of Good Faith and Fair Dealing Against Defendants Is Time-Barred**

In Count VI, Chertok attempts to allege a claim for breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 78-91.) However, Chertok's implied covenant claim is untimely

13

under the applicable statute of limitations. Therefore, Count VI must be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

Chertok alleges, in relevant part, that:

> Defendants breached the Conductor Certificate and the covenant of good faith and fair dealing by withholding the Funds from Plaintiff for almost five years after Conductor's and Defendants' obligation to pay Plaintiff the Funds commenced, by requiring that Plaintiff execute the Merger Agreement Joinder (that contained releases) prior to paying Plaintiff the Funds, and by wrongfully escheating the Funds to the State of Florida in violation of Florida Statute 717.

(*Id*. at ¶ 91.) Claims for breach of the implied covenant of good faith and fair dealing are subject to a five-year statute of limitations under Florida law. *See* Fla. Stat. § 95.11(b); *see also Potiker v. Gasiunasen Gallery*, 2010 WL 2949943, at *1 (S.D. Fla. July 26, 2010).

Chertok claims that any funds due to him were required to be paid upon closing of the Merger on March 23, 2018. (*Id*. at ¶ 2.) Therefore, under the applicable five-year statute of limitations, any claim for breach of the implied covenant of good faith and fair dealing was required to be brought by no later than March 23, 2023. However, Chertok's Complaint was not filed until March 30, 2023, *one (1) week late*.

Therefore, because Chertok's Count VI claim for breach of the implied covenant of good faith and fair dealing against Defendants was filed after the applicable statute of limitations period expired, and because no tolling doctrines or other extraordinary circumstances apply, as explained in Section II.G., *infra*, Chertok's Count VI breach of the implied covenant of good faith and fair dealing claim is time-barred and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

**F.     Count VII for Unjust Enrichment Should Be Dismissed Because A Valid Contract Governs the Rights at Issue and As Time-Barred**

Count VII attempts to allege, in the alternative, a claim for unjust enrichment against SRS. (Compl. ¶¶ 92-97.) However, the parties agree that a written contract governs the subject of Chertok's unjust enrichment claim. Further, Chertok's unjust enrichment claim is untimely under the applicable statute of limitations. Therefore, Count VII must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

**1.     Plaintiff's Unjust Enrichment Claim Is Barred Because the Subject of Plaintiff's Claims Is Governed By A Written Contract**

Unjust enrichment claims are barred where the subject of a plaintiff's claims is governed by a written contract. *See In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1321 (S.D. Fla. 2010) (citing *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1372 (N.D. Ga. 2008);

14

*Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 F. App'x 341 (3d Cir. 2010)). Here, Chertok claims that the Conductor Certificate governs his right to a portion of the Merger Consideration. (*See, e.g.*, Compl. ¶¶ 3, 15-20, 22-24, 54-55, 59-60, 65-76, 80-91, and 95.) Defendants, however, disagree and assert that the Merger Agreement, not the Conductor Certificate, is the relevant document governing Chertok's right to a portion of the Merger Consideration. Regardless, the parties agree that a written contract (whether it be the Conductor Certificate or the Merger Agreement) governs Chertok's right to a portion of the Merger Consideration. Therefore, because Chertok's rights are governed by a written contract, his claim for unjust enrichment is barred by controlling law and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### 2. Plaintiff's Unjust Enrichment Claim Is Time-Barred Under the Applicable Statute of Limitations

In addition, unjust enrichment claims are subject to a four-year statute of limitations under Florida law. *See Merle Wood & Assoc., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). Once more, the Merger closed on March 23, 2018. (Compl. ¶ 2.) Chertok claims that any funds due to him were required to be paid upon closing of the Merger on March 23, 2018. (*Id*. at ¶ 2.) Therefore, under the applicable four-year statute of limitations, any unjust enrichment action against Defendants was required to be brought by no later than March 23, 2022. However, Chertok did not file his Complaint until March 30, 2023, *over one year late*. Therefore, Plaintiff's Count VII unjust enrichment claim is time-barred and must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

### G. No Tolling Doctrines Apply and No Extraordinary Circumstances Are Present That Excuse Plaintiff's Failure to Comply with the Applicable Statutes of Limitations

As noted in Section I.D., *supra*, Chertok's litigation history reveals a trend of (i) baselessly disputing transactions and refusing payment of funds, (ii) waiting years, until the near-end of the statute of limitations period (or, in some cases, *after* the statute of limitations period), and (i) only then filing litigation seeking payment *with interest* for the period in which he baselessly refused payment.[12] As explained above, Chertok failed to abide by the applicable statutes of limitations

---

[12] The United States District Court for the Southern District of New York found Chertok's course of conduct in the case captioned *NMD InterActive, Inc. d/b/a StreetEasy.com v. Chertok*, C.A. No 1:11-cv-06011-RJS (S.D.N.Y. Aug. 26, 2011) to be vexatious, noting that Chertok "has a demonstrated history of filing vexatious, harassing, and duplicative, motions for which he appears

here. Apparently recognizing this failure on his part, Mr. Chertok alleges that the statute of limitations should be tolled because of his battle with pancreatic cancer and treatments he was undergoing from 2017-2020, and 2020-2023. (Compl. ¶¶ 13, 25, 31.) The Complaint does not proffer any other justifications to toll the applicable statutes of limitations.

First, the Florida Tolling Statute (defined infra) does not permit tolling the applicable statutes of limitations due to disability. Second, even assuming that Mr. Chertok's battle with pancreatic cancer were a statutorily viable argument for tolling the state of limitations (it is not), Mr. Chertok's *extensive* litigation history during the period in which he claims he could not have brought suit against Defendants demonstrates that this argument is a farce. Therefore, the relevant statutes of limitations should not be tolled here, and Counts II, III, IV, V, VI, and VII of the Complaint must be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

### 1. The Florida Tolling Statute Unequivocally Bars the Tolling of Statutes of Limitations Due to Disability

"A statute of limitations runs from the time the cause of action accrues which, in turn, is generally determined by the date when the last element constituting the cause of action occurs." *Hearndon v. Graham*, 767 So. 2d 1179, 1184–85 (Fla. 2000) (citing Fla. Stat. § 95.031(1987); *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla.1996)) (internal quotations omitted). "The 'tolling' of a limitation period would interrupt the running thereof subsequent to accrual." *Hearndon*, 767 So. 2d at 1184–85 (citing Fla. Stat. § 95.051 (1987)). A determination of whether a cause of action is time-barred pursuant to the expiration of a statute of limitations may require two different analyses: (1) whether the cause of action accrued and, if so, when; and (2) whether a statutory tolling provision applies. *See Hearndon*, 767 So. 2d at 1185.

The Florida legislature enacted a tolling statute, Fla. Stat. § 95.015 (1987) (the "Florida Tolling Statute"), specifically governing when statutes of limitations may be tolled and which applies here. The Florida Tolling Statute specifically precludes application of any tolling provision not specifically provided therein. *See* Fla. Stat. § 95.051(2) (1987); *see also Hearndon*, 767 So. 2d at 1185. That section specifically provides that "[a] disability or other reason does not toll the running of any statute of limitations except those specified in this section." Fla. Stat. § 95.051(2).

---

to lack an objective good-faith expectation of prevailing." (*See* March 13, 2017 S.D.N.Y. Order, attached hereto as Exhibit K.)

Therefore, Chertok's pancreatic cancer diagnosis and resulting treatments are not a viable justification for tolling the applicable statutes of limitations.

> **2. Chertok's Extensive Litigation History During the Relevant Time Period Reveals His Tolling Argument to be a Farce**

Second, even if Chertok's disability were a statutorily viable argument for tolling the state of limitations (it is not), Chertok actively litigated numerous other lawsuits during the period in which he claims he could not have brought suit against Defendants.[13]  As such, Chertok's argument is a farce.  There is simply no reason that he should have been able to institute and litigate numerous suits against other parties during this time period, but not against Defendants.  Therefore, the relevant statutes of limitations should not be tolled here.

Chertok asserts and alleges regarding tolling of the statute of limitations:

- "In or about September 2017, Plaintiff was diagnosed and treated for pancreatic cancer, spent about six months in various hospitals, and underwent approximately 30 surgical procedures, including a Whipple surgery — a 9-hour surgical procedure in which numerous organs were removed. Following those surgeries, Plaintiff underwent an extensive recovery period, which numerous follow-up medical procedures, that lasted approximately three years. Accordingly, any statute of limitations for the claims herein should be tolled." (Compl. ¶ 13.)

- "[S]hortly before the Merger's Closing, Chertok was diagnosed and treated for pancreatic cancer, and spent several years thereafter recovering." (*Id*. at ¶ 25.)

- "[B]eginning in 2020, Plaintiff was diagnosed and needed to undergo additional treatments and hospitalization in connection with his pancreatic cancer. These treatments and hospitalization occurred in 2020 through 2023, and included a second round of surgery in March 2023. Accordingly, any statute of limitations for the claims herein should be tolled." (*Id*. at ¶ 31.)

However, Chertok's illness did not prevent him from heavily litigating other cases during the same time period.  His aggressive litigation strategy in those cases squarely undermines his allegations that the applicable statutes of limitations should be tolled here because he was not well enough to pursue his claims.

The first litigation Chertok aggressively pursued during the applicable time period was against Zillow, where Chertok advanced claims that are incredibly similar to those he advances here.  On October 24, 2019, Chertok and Vast filed a complaint in the Delaware Court of Chancery

---

[13] In fact, Chertok has been litigating the *Onsolve* case *pro se* for over one year, since April 6, 2022, requiring him to be even more heavily involved in that case than if he was represented by counsel. (*See* Exhibit I, entry 28.)

against Zillow, Inc., alleging breach of contract, specific performance, and unjust enrichment in connection with a 2013 merger of Zillow and NMD Interactive, Inc., a company in which Chertok held stock. (*See* Exhibit B; *see also* Exhibit C.)  The Delaware Court of Chancery granted Zillow's motion to dismiss on October 18, 2021. (*See* Exhibit E.)  Despite alleging in his Complaint here that he was undergoing treatments related to his pancreatic cancer diagnosis, Chertok appealed the Court of Chancery's decision to the Delaware Supreme Court on November 15, 2021. (*See generally*, Exhibit F.)  On June 1, 2022, the Delaware Supreme Court summarily affirmed this decision on the papers. (*See* Exhibit F (entry 26); *see also* Exhibit G.)  Thereafter, on June 23, 2022, the Delaware Supreme Court summarily denied Chertok and Vast's motion for rehearing en banc on June 23, 2022, and closed the case. (*See* Exhibit F (entries 27, 28, 29); *see also* Exhibit H.)  Despite being on the losing end of three decisions on his motion to dismiss and exhausting all possible avenues in this litigation, Chertok did not give up and, on August 16, 2022, filed a follow-up complaint against Zillow, regarding the same subject matter, asserting a cause of action, *qui tam*, for violation of the Florida False Claim Act.  See *State of Florida, ex rel., Douglas Chertok v. Zillow, Inc.*, a Washington corporation, Case No. CACE23011273 (Fla. Cir. Ct. Mar 23, 2023). That action is active and ongoing.

In addition, on May 29, 2020, Chertok filed a complaint in the Delaware Court of Chancery against Onsolve, LLC, asserting causes of action for breach of contract and specific performance and, in the alternative, unjust enrichment in connection with a 2017 merger between Onsolve, LLC and SWN Communications Inc., a company in which Chertok held stock. *See generally,* Exhibit I; *see also* Exhibit J.  Again, the causes of action and allegations at issue in the Onsolve litigation are eerily similar to those at issue in *Zillow* and here.[14]  The *Onsolve* case is active and ongoing in

---

[14] In each case– *Zillow*, *Onsolve*, and here— Chertok owned stock in a company which entered into an agreement and plan of merger. (*Compare* Compl. ¶¶ 11, 14 *with* Exhibit A at ¶ 12 *with* Exhibit J at ¶¶ 16, 18.)  Chertok withheld his consent to the merger agreements, allowed his appraisal rights to expire, and refused to comply with the merger agreements' requirements for distribution of merger consideration to him. (*Compare* Compl. ¶ 20 *with* Exhibit A at ¶ 19 *with* Exhibit J at ¶ 25.)  Chertok refused payment of the merger consideration due to him for years, until nearing the end of (or after) the applicable limitations period, and then filed suit against the entity resulting from the applicable merger for breach of contract, specific performance, and unjust enrichment, claiming entitlement to the merger consideration, plus substantial interest payments. (*Compare* Compl. *with* Exhibit A *with* Exhibit J, generally.)

the discovery phase of the case, with filings as recent as January 30, 2023. (*See generally,* Exhibit I.)

Chertok filed and actively litigated each of these cases during the very same time period in which he claims that he was unable to do so here due to his pancreatic cancer. There is simply no reason that he should be able to litigate those cases, but not this one. While Defendants are sympathetic to Chertok's struggle with pancreatic cancer, Defendants cannot allow Chertok to use these facts as a litigation tactic where there is clearly no sound basis to do so.

For these reasons, the statute of limitations should not be tolled, and Counts II, III, IV, V, VI, and VII of the Complaint should be dismissed as time-barred pursuant Fed. R. Civ. P. 12(b)(6).

### III.   CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss this action, entering an order finding that, for the foregoing reasons, each and every Count in the Complaint fails to state a claim upon which relief can be granted pursuant Fed. R. Civ. P. 12(b)(6).

Dated: May 10, 2023

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Michael E. Dutko, Jr.*
Michael E. Dutko, Jr. (Florida Bar No. INSERT)
Bank of America Plaza
401 E. Las Olas Boulevard, Suite 2250
Fort Lauderdale, FL 33301-4251
Telephone: (954) 703-3908
Email:   michael.dutko@bipc.com

Geoffrey G. Grivner (DE Bar No. 4711)
Kody M. Sparks (DE Bar No. 6464)
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801
Email:   geoffrey.grivner@bipc.com
         kody.sparks@bipc.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished, by electronic mail and overnight mail on May 10, 2023, to:

Douglas Chertok
4250 Galt Ocean Drive, Suite 10H
Ft. Lauderdale, Florida 33308
dchertok@gmail.com

By: */s/ Michael E. Dutko, Jr.*
Michael E. Dutko, Jr. (Florida Bar No. 72505)