UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60821-ROSENBERG

DOUGLAS CHERTOK,

    Plaintiff,
v.

SRS ACQUIOM, INC.,
et al.,

    Defendants.
_____/

## ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court *sua sponte*. A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A case may be *sua sponte* remanded for lack of subject matter jurisdiction. *E.g., Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan., Inc.*, 254 F.3d 1317, 1319-21 (11th Cir. 2001). Here, the Defendants removed this matter from state court, arguing that the parties are citizens of different states and that the amount in controversy in this case exceeds $75,000. DE 1. To support their argument, the Defendants did not provide evidence. Instead, the Defendants relied upon the fact that the Plaintiffs' Complaint sought "either $257,500 or no less than approximately $161,732." *Id.* at 3. Presumably because the Plaintiff did indeed allege an entitlement to these amounts in his Complaint, the Plaintiff never argued that the amount in controversy was less than $75,000 and never filed a motion to remand. Upon close review of the Complaint, the Court is unpersuaded that the amount in controversy in this case exceeds $75,000 for the reasons set forth below.

The amount in controversy is determined at the time of removal, not later. *Pretka v.*

*Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  The Defendants, as the removing parties invoking the Court's jurisdiction, bear the burden of persuading the Court by a preponderance of the evidence that at least $75,000 is in controversy. *See id.* at 752.

Here, the Plaintiff alleges that the Defendants wrongfully withheld money that he was owed because of a corporate merger. DE 1-1 at 10.  Critically, however, the Plaintiff alleges that the Defendants have at all points in time tried to give him the money he was owed. *Id.*  The Plaintiff has simply refused to accept the money. *Id.* at 10-11.  He has refused, he alleges, because the Defendants required him to execute certain consents and waivers in connection with his receipt of the money. *Id.*  Important for the Court's amount in controversy analysis, the Plaintiff alleges that because he refused to accept the money from the Defendants, the Defendants delivered the money (as unclaimed property) to the State of Florida. *Id.* at 10, 18.  As a result, the money is available for the Plaintiff to claim (if he has not done so already) at any time from the State of Florida. *See id.*

The central contention in this case, then, is not that the Plaintiff cannot get the money he alleges he is owed, but instead whether the Plaintiff was deprived of *possession* of the money for several years.  The Plaintiff advances three theories about how the wrongful deprivation of money has damaged him. DE 57 at 2.  First, he is uncertain that the amount of money held by Florida is the total amount he was due as merger consideration.[1]  Second, he could have been owed dividends during the time he was not paid the money, as he still allegedly held the stock the money was based upon.  Third, he is entitled to interest for the time the money was not in his possession.

---

[1] For example, the Plaintiff opines that the amount held by Florida could have been reduced from an escrow holdback. DE 57 at 11.

Although the Plaintiff's Complaint makes a reference to a larger amount, $257,500, the Plaintiff does not adequately explain or focus upon this number. Instead, the vast majority of the Complaint focuses on the Defendants' alleged wrongful withholding of $161,737. The Court is unpersuaded that the interest on $161,737 for a few years could equal $75,000. And to the extent the Plaintiff could have been entitled to dividends or an additional credit for an escrow holdback, neither is substantiated nor explained in the Complaint and Notice of Removal.[2]

This Court is permitted to use its common sense when evaluating whether a case is removable. *E.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Once the Plaintiff's alleged damages are set off from the money waiting for his collection from the State of Florida,[3] the Defendants have failed to meet their burden to establish by a preponderance of the evidence that $75,000 remains in controversy in this case. Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk of the Court shall **CLOSE THIS CASE**, all pending motions are **DENIED AS MOOT FOR LACK OF SUBJECT MATTER JURISDICTION**, and this case shall be **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of January, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] Although the Plaintiff's Complaint alleges a vague entitlement to punitive damages, the Defendants have neither argued nor persuaded the Court that punitive damages in this case can or should be considered in the amount in controversy.

[3] *See Walsh v. Target Corp.*, No. 6:20-CV-1185, 2020 WL 5634125, at *3 (M.D. Fla. Aug. 27, 2020) (collecting many cases in this Circuit for the proposition that a set off can be considered in the amount of controversy requirement).